UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

FILED
IN CLERK'S OFFICE

2004 MAR 30  P 1:00

DISTRICT COURT
DISTRICT OF MASS.

|  |  |
|---|---|
| ROBERT BUTTERWORTH,<br>    Plaintiff,<br><br>v.<br><br>WESTON RACQUET CLUB, INC.<br>and 40 LOVE, INC.,<br>    Defendants.<br><br>WESTON RACQUET CLUB, INC.<br>    Plaintiff-in-Counterclaim,<br><br>v.<br><br>ROBERT BUTTERWORTH,<br>    Defendant-in-Counterclaim | C.A. No. 1:04-CV-10425 MEL |

### ANSWER IN COUNTERCLAIM

Now comes the plaintiff and defendant-in-counterclaim and for his answers to defendant Weston Racquet Club's counterclaim, asserts as follows:

For his defense to the numbered paragraphs of the Counterclaim, plaintiff admits, denies or otherwise avers:

1. Admitted.

2. Admitted.

3. The plaintiff admits the allegations contained in Paragraph 4, except that he denies that members of the public can play tennis at the Weston Racquet Club.

4. With regard to the first sentence of Paragraph 4, plaintiff admits that he worked as a Tennis Professional from December 7, 2001 to on or about July 22, 2003,

but asserts that his responsibilities involved a number of activities other than Tennis Professional. With regard to the second sentence of Paragraph 4, plaintiff admits that between December 7, 2001 and July 22, 2003 he conducted tennis lessons at the Weston Racquet Club; however, plaintiff denies that he provided tennis lessons and denies that conducting tennis lessons was his sole duty at the Weston Racquet Club.

5. With regard to the first sentence in Paragraph 5, defendant admits that he was provided with a printout including members' names and telephone numbers to assist him in arranging and scheduling lessons. The remaining allegations of Paragraph 5 are denied.

6. The plaintiff is without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 6, except that he admits it was important to treat tennis players he was instructing with respect, but, plaintiff further alleges, it was important for those taking lessons to pay attention and behave appropriately.

7. Denied.

8. Denied.

9. Denied.

10. Admitted.

11. Denied.

12. With regard to the first sentence of Paragraph 12, plaintiff avers that the letter of Weston Racquet Club's counsel speaks for itself. To the extent a further or other response to the first sentence of Paragraph 12 is required, it is denied. Further answering, plaintiff asserts that he did not sign the confidentiality agreement, so he was not in

violation of the agreement. To the extent a further or other response to the allegations contained in Paragraph 12 is required, they are denied.

13. Denied.

## COUNT I
### Alleged Breach of Confidentiality Agreement

14. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 13 above, as if fully set forth herein.

15. Denied.

16. Denied.

17. Denied.

## COUNT II
### Alleged Tortious Interference

18. Plaintiff restates and realleges the averments contained in Paragraphs 1 through 17 above, as if fully set forth herein.

19. Paragraph 19 consists of legal conclusions, to which no answer is required. To the extent an answer to the allegations contained in Paragraph 19 is required, they are denied.

20. Plaintiff was aware that the Weston Racquet Club had some sort of contractual relationship with its members. Plaintiff is otherwise without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 20.

21. Denied.

22. Denied.

## COUNT III
### Alleged Breach of Duty of Loyalty

23.    Plaintiff restates and realleges the averments contained in Paragraphs 1 through 22 above, as if fully set forth herein.

24.    Paragraph 24 consists of legal conclusions, to which no answer is required. To the extent an answer to the allegations contained in Paragraph 24 is required, they are denied.

25.    Denied.

26.    Denied.

### First Affirmative Defense

1.    The counterclaims of the Weston Racquet Club are barred because the plaintiff's actions were privileged.

2.    The counterclaims of the Weston Racquet Club are barred because the plaintiff's actions were justified.

3.    The counterclaims of the Weston Racquet Club should be dismissed because Weston Racquet Club failed to keep its customer lists and other information confidential.

4.    The counterclaims of the Weston Racquet Club fail to state a claim upon which relief may be granted, in that they fail to allege facts sufficient to support claims for breach of any confidentiality agreement, breach of the duty of loyalty, or tortious interference with contractual and/or advantageous relations.

5.    The counterclaims of the Weston Racquet Club should be dismissed because plaintiff never signed a confidentiality agreement.

6. To the extent plaintiff had any duty of loyalty to the Weston Racquet Club at the time he purportedly committed the actions at issue in the counterclaims, he fulfilled such duty in every way.

7. The counterclaims of the Weston Racquet Club are barred on the grounds of waiver and estoppel.

8. The Weston Racquet Club has suffered no damages for which it is entitled to recover.

9. The counterclaims of Weston Racquet Club are barred on the grounds of laches.

10. Any damages suffered by the Weston Racquet Club were caused by its own actions and failures to act or by events over which plaintiff had no control.

11. Any damages suffered by the Weston Racquet Club were caused by acts or omissions of third parties for whose conduct plaintiff is not responsible, and therefore the Weston Racquet Club may not recover damages against the plaintiff.

12. The counterclaims of Weston Racquet Club are barred by its own unclean hands.

WHEREFORE, plaintiff prays that defendant's counterclaims be dismissed and that he be awarded his costs and such other relief as the court deems appropriate and just.

Respectfully Submitted,

ROBERT BUTTERWORTH

By his Attorneys,

Richard D. Glovsky (BBO #195820)
Jeffrey J. Pyle (BBO #647438)
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109
(617) 456-8000

Dated: March 29, 2004

## CERTIFICATE OF SERVICE

I, Richard D. Glovsky, attorney for the plaintiff/defendant-in-counterclaim in the above referenced matter, hereby certify that on the 29th day of March, 2004, I served the within document upon the defendants and plaintiff-in-counterclaim by faxing and mailing a copy thereof to their counsel of record, Patrick J. Bannon, Esq., Gadsby Hannah LLP, 225 Franklin Street, Boston, MA 02110.

Richard D. Glovsky