UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BUTTERWORTH,<br>　　　　Plaintiff,<br><br>v.<br><br>WESTON RACQUET CLUB, INC., 40<br>LOVE, INC., and RICHARD J. TRANT,<br>　　　　Defendants.<br><br>WESTON RACQUET CLUB, INC.,<br>　　　　Plaintiff-in-Counterclaim,<br><br>v.<br><br>ROBERT BUTTERWORTH,<br>　　　　Defendant-in-Counterclaim | C.A. No. 1:04-CV-10425 MEL |

## AMENDED COMPLAINT

This Complaint arises out of the failure of defendants Weston Racquet Club, Inc.,
40 Love, Inc., and Richard J. Trant to pay overtime wages owed to the plaintiff, Robert
Butterworth, a former employee of the defendants.  Under G.L. c. 151 and the Fair Labor
Standards Act ("FLSA") of 1938, 29 U.S.C. 201 *et seq.*, the plaintiff is owed overtime
wages, liquidated damages, plus double or treble damages, attorneys' fees and costs and
interest.

### PARTIES

　　　1)　　Plaintiff Robert Butterworth lives at 4 Parramatta Road, Beverly,
Massachusetts.

2)      Defendant Weston Racquet Club, Inc., a tennis club, is, and at all times relevant to this Complaint was, a corporation having a principal place of business at 132 West Street, Waltham, Massachusetts.

3)      Upon information and belief, the Weston Racquet Club also operates under the name of 40 Love, Inc.  Collectively, the Weston Racquet Club, Inc. and 40 Love, Inc. are referred to herein as "WRC".

4)      Defendant Richard J. Trant ("Trant") is the founder, president and owner of Defendant WRC.

## FACTS

5)      WRC is a tennis club facility.

6)      On or about December 7, 2001, Butterworth commenced employment with WRC as a Residential Professional Tennis Pro ("Tennis Pro") at WRC.

7)      At all relevant times, Butterworth was an hourly employee of WRC.

8)      In his capacity as a Tennis Pro, Butterworth was responsible for, among other things, teaching tennis lessons and evaluating tennis players.  He was also responsible for programming, maintenance and other projects assigned to him.

9)      Depending on what task he performed, and regardless of whether the same work was involved, WRC paid Butterworth different hourly rates, ranging from $13.00 to $23.00 plus bonus.  For example, he earned $23.00 per hour plus bonus for junior instruction, whereas he only earned $23.00 per hour for adult instruction.  Further, he earned $23.00 per hour for private, semi-private and group (3-6 participants) lessons, but only earned $17.00 per hour for complimentary clinics (1-6 participants).  While he was

paid different hourly rates, the same work was involved with teaching juniors or adults and complimentary clinics or private clinics.

10)     During his employment with WRC, Butterworth worked an average of 60 hours per week.

11)     WRC never paid Butterworth overtime pay, despite the fact that he worked approximately 20 hours of overtime each week he was employed by it.

12)     In addition to not paying him overtime, WRC failed to provide Butterworth with coffee, lunch or dinner breaks.

13)     Trant has a significant ownership interest in WRC and he exercises pervasive control over it.  He makes all major decisions at WRC, including those involving the hiring and firing of employees, their rates of compensation, and their hours of work.  Trant controls the financial affairs of WRC and has the ability to cause WRC to pay or not pay its employees overtime compensation.

14)     On information and belief, Trant alone determined that WRC would not pay Butterworth overtime pay or provide him with coffee, lunch or dinner breaks, and issued directives to that effect.

## COUNT I

### Violation of the Fair Labor Standards Act v. WRC

15)     Butterworth repeats and realleges each allegation contained in paragraphs 1 through 14 of this Complaint as if the same were fully set forth at length herein.

16)     At all relevant times, WRC was Butterworth's employer as that term is defined in 29 U.S.C. § 203(d).

17)    At all relevant times, WRC was engaged in related activities performed through unified operation or common control for a common business purpose, and is and at all times relevant to this Complaint was, an enterprise within the meaning of 29 U.S.C. § 203(r).

18)    At all relevant times, WRC was engaged in handling, selling, or otherwise working on goods that have moved in or were produced for interstate commerce with an annual gross volume of sales made or business done in an amount not less than $500,000, as required by the FLSA.

19)    WRC was obligated to pay Butterworth overtime pay in the amount of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

20)    WRC intentionally, willfully, deliberately and repeatedly failed to pay Butterworth overtime wages when they were due, in violation of the FLSA.

21)    As a result of WRC's intentional, willful, deliberate and repeated violation of the FLSA, Butterworth has sustained damages.

## COUNT II

### Violation of G.L. c. 151, §1A, et seq. v. WRC

22)    Butterworth repeats and realleges each allegation contained in paragraphs 1 through 21 of this Complaint as if the same were fully set forth at length herein.

23)    WRC is, and at all times relevant to this Complaint was, Butterworth's employer.

24)    WRC was obligated to pay Butterworth overtime pay in the amount of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

4

25)     WRC failed to pay Butterworth overtime wages when they were due, in violation of G.L. c. 151, § 1A, et seq.

26)     As a result of WRC's intentional, willful, deliberate and repeated violation of G.L. c. 151, § 1A, et seq., Butterworth has sustained damages.

## COUNT III

### Violation of the Fair Labor Standards Act v. Trant

27)     Butterworth repeats and realleges each allegation contained in paragraphs 1 through 26 of this Complaint as if the same were fully set forth at length herein.

28)     At all times relevant to this Complaint, Trant was Butterworth's employer as that term is defined is 29 U.S.C. § 203(d).

29)     As Butterworth's employer, it was Trant's obligation to ensure that Butterworth was paid overtime compensation in the amount of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

30)     Trant intentionally, willfully, deliberately and repeatedly failed to pay Butterworth overtime wages when they were due, in violation of the FLSA.

31)     As a result of Trant's intentional, willful, deliberate and repeated violation of the FLSA, Butterworth has sustained damages.

## COUNT IV

### Violation of G.L. c. 151, §1A, et seq. v. Trant

32)     Butterworth repeats and realleges each allegation contained in paragraphs 1 through 31 of this Complaint as if the same were fully set forth at length herein.

33)     At all times relevant to this Complaint, Trant was an officer or agent of WRC.

34)    Trant was obligated to pay Butterworth overtime compensation in the amount of one and one-half times his regular rate for all hours worked in excess of forty hours per week.

35)    Trant intentionally, willfully, deliberately, and repeatedly failed to pay to Butterworth overtime wages, in violation of G.L. c. 151, § 1A, et seq.

36)    As a result of Trant's intentional, willful, deliberate and repeated violation of G.L. c. 151, § 1A, et seq., Butterworth has sustained damages.

## REQUEST FOR RELIEF

WHEREFORE, Robert Butterworth respectfully requests that this Honorable Court enter judgment in his favor on all counts of his Complaint and award him:

a.    the full amount of his damages, which include liquidated damages plus double or treble damages;

b.    reasonable attorneys' fees and costs;

c.    prejudgment interest; and

d.    such other relief as is deemed just and appropriate.

**PLAINTIFFS DEMAND A TRIAL BY JURY ON ALL CLAIMS SO TRIABLE.**

Respectfully submitted,

The Plaintiff, Robert Butterworth
By his attorneys,

Joseph L. Edwards, Jr.
Richard D. Glovsky, BBO #195820
Joseph L. Edwards, Jr.  BBO #564288
PRINCE, LOBEL, GLOVSKY & TYE, LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8000

Date:   January 4, 2005