UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BUTTERWORTH,<br>    Plaintiff,<br><br>v.<br><br>WESTON RACQUET CLUB, INC.<br>and 40 LOVE, INC.,<br>    Defendants.<br><br>WESTON RACQUET CLUB, INC.,<br>    Plaintiff-in-Counterclaim,<br><br>v.<br><br>ROBERT BUTTERWORTH,<br>    Defendant-in-Counterclaim | C.A. No. 1:04-CV-10425 MEL |

PLAINTIFF/DEFENDANT IN COUNTERCLAIM'S
MOTION TO AMEND COMPLAINT
AND MEMORANDUM OF REASONS

**I.    Introduction**

Plaintiff/Defendant in Counterclaim, Robert Butterworth ("Butterworth"), respectfully moves this Court, pursuant to Fed. R. Civ. P. 15(a) and Loc. R. 7.1, to allow him to amend his complaint to add Richard J. Trant ("Trant") as a party defendant. As reasons for this motion, Butterworth states:

1.    On February 4, 2004, Butterworth filed a complaint in the Superior Court of Massachusetts, in which he alleged that Defendants Weston Racquet Club, Inc. and 40 Love, Inc. (collectively "WRC") failed to pay him overtime pay, in violation of the Fair

Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Massachusetts General Laws chapter 151, § 1A, et seq.

2.  On or about March 2, 2004, WRC filed a motion to remove the case to this Court. On or about March 8, 2004, WRC filed an Answer and Counterclaim.

3.  A scheduling conference, pursuant to Fed. R. Civ. P. 16(b) and Loc. R. 16(1) is currently scheduled for February 1, 2005.

## II. Trant Can Be Held Personally Liable For Violating the FLSA

4.  Trant is the founder, president and owner of WRC.

5.  Trant has a significant ownership interest in WRC and he exercises pervasive control over it. On information and belief, WRC functions for Trant's profit. Trant establishes or approves all major policies at WRC and he exercises control over significant aspects of the day to day operation of WRC. Moreover, he makes all major decisions at WRC, including those involving the hiring and firing of employees, their rates of compensation, and their hours of work. Most importantly, Trant controls the financial affairs of WRC and he can cause WRC to compensate, or refrain from compensating, employees for overtime as required by the FLSA.

6.  The First Circuit has determined that individuals who are in a position to determine whether a corporation will or will not meet its statutory obligations regarding overtime payments are "employers" for purposes of the FLSA and may be held personally liable for violations of the statute. Baystate Alternative Staffing v. Herman, 163 F.3d 668, 677-78 (1st Cir. 1998); see also 29 U.S.C. § 203(d) ("Employer includes any person acting directly or indirectly in the interest of an employer in relation to an employee"). By virtue of the nature and control Trant exercises over WRC, he is an

"employer" within the meaning of the FLSA and is subject to personal liability for violations of the statute.

### III. Trant Can Be Found Individually Liable For Violating G.L. c. 151, § 1A et seq.

7. As the founder, president and owner of WRC, Trant is subject to personal liability for violating G.L. c. 151, § 1A et seq. Section 1B of the statute provides that "[a]ny employer or officer or agent of any corporation who pays or agrees to pay to any employee less than the overtime rate of compensation required by section one A [of G.L. c. 151, et seq.] shall have violated this section and shall be punished . . . as provided in section 27C of chapter 149". G.L. c. 151, § 1B. Trant is an officer and agent of WRC. Moreover, Trant decided that Butterworth would not receive overtime compensation and directed WRC not to pay to Butterworth the overtime compensation he was due.

### IV. Granting The Plaintiff Leave To Amend Is Appropriate In This Case

8. Federal Rules of Civil Procedure 15(a) requires courts to "freely" grant leave to amend the pleadings "when justice so requires". Fed. R. Civ. P. 15(a). In this circuit, the Rule has been interpreted to mean that "[i]n the absence of any apparent or declared reason -- such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of the amendment, etc. -- the leave sought should, as the rules require, be freely given." Gonzalez-Perez v. Hospital Interamericano De Medicina Avanzada, 355 F.3d 1 (1st Cir. 2004)(citations omitted).

9. None of the infirmities cited by the First Circuit as reasons to deny a motion to amend are present in this case. First, Butterworth has not unduly delayed filing his motion to amend. Second, the motion has not been submitted in bad faith and is not futile because, as discussed above, Trant is subject to personal liability under the FLSA and G.L. c. 151, § 1A et seq. Finally, Butterworth does not have a dilatory motive and WRC will not be unduly prejudiced if the complaint is amended. The parties have not yet engaged in any discovery, the conference pursuant to Fed. R. Civ. P. 16(b) and Loc. R. 16.1 is currently scheduled for almost a month away, and WRC received a copy of this motion and the proposed amended complaint on December 10, 2005 (see attached certification). There will be no delay if this Motion to Amend is granted.

WHEREFORE, Plaintiff/Defendant in Counterclaim respectfully requests this Court to grant his Motion to Amend.

**A copy of the Amended Complaint is attached hereto.**

> Respectfully submitted,
>
> The Plaintiff, Robert Butterworth
> By his attorneys,
>
> Joseph L. Edwards, Jr.
> Richard D. Glovsky, BBO #195820
> Joseph L. Edwards, Jr.  BBO #564288
> PRINCE, LOBEL, GLOVSKY & TYE, LLP
> 585 Commercial Street
> Boston, MA  02109
> (617) 456-8000

Date:   January 4, 2005