UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BUTTERWORTH, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>WESTON RACQUET CLUB, INC. )<br>and 40 LOVE, INC., )<br>)<br>Defendants. )<br>_____)<br>)<br>WESTON RACQUET CLUB, INC. )<br>)<br>Plaintiff-in-Counterclaim, )<br>)<br>v. )<br>)<br>ROBERT BUTTERWORTH, )<br>)<br>Defendant-in-Counterclaim, )<br>_____) | Civil Action No. 04-10425-MEL |

**DEFENDANTS' OPPOSITION TO
PLAINTIFF'S MOTION TO AMEND COMPLAINT**

**I.    INTRODUCTION**

The plaintiff, Robert Butterworth, has moved for leave to file an amended complaint that would add Richard J. Trant, an officer of Butterworth's former employer, Weston Racquet Club, Inc., as a new defendant. The proposed amended complaint would assert claims against Trant as an individual pursuant to both federal and Massachusetts overtime laws.

The defendants, Weston Racquet Club, Inc. and 40 Love, Inc., oppose Butterworth's motion because the Massachusetts overtime statute (Mass. Gen. Laws Chapter 151, sections 1A - 22) does not authorize civil actions against the individual officers of corporate.

II.  **PROCEDURAL BACKGROUND**

On or about February 4, 2004, Butterworth filed his complaint in this action. The complaint was filed in Massachusetts Superior Court, but was removed by the defendants to this Court on March 2, 2004.

The complaint names two defendants, Weston Racquet Club, Inc. and 40 Love, Inc. Butterworth alleges that the two are synonymous and that they both failed to pay him overtime in violation of both the Fair Labor Standards Act, 29 U.S.C. sections 201 through 219 (the "FLSA"), and of Mass. Gen. Laws, Chapter 151, sections 1A through 22.

On March 8, 2004, the defendants filed an answer and counterclaim to the complaint, in which they denied that Butterworth was entitled to overtime pay under either federal or Massachusetts law.

On January 4, 2005, Butterworth filed a Motion to Amend Complaint and Memorandum of Reasons. Attached to the Motion was a copy of a proposed amended complaint that would add Trant as a new defendant and would add purported claims seeking to hold Trant individually liable for the supposed failure to pay overtime under both the FLSA (proposed Count III) and Massachusetts General Laws, Chapter 151 (proposed Count IV).

III.  **LEAVE TO AMEND IS PROPERLY DENIED WHERE AMENDMENT WOULD BE FUTILE.**

Where a proposed amended complaint would fail to state a legally cognizable claim, leave to file the amended complaint is properly denied. See Hayden v. Chief of Police of Town of Lisbon, 134 F.3d 449, 455-56 (1st Cir. 1998) (affirming denial of motion for leave to amend and stating: "Rule 15 permits the trial court to deny leave to file an amended complaint which would be subject to immediate dismissal under Rule 12(b) for failure to state a viable claim for relief."); Richards v. Relentless, Inc., 341 F.3d 35, 43-44 (1st Cir.2003) (affirming denial of

-2-

motion to amend complaint where proposed amendment would have been futile because proposed new claim against new party was legally defective). Accordingly, plaintiff's motion to amend in this case is properly denied insofar as any of the proposed new claims against Trant is legally faulty.

IV. **ADDING TRANT AS A DEFENDANT AS TO THE MASSACHUSETTS OVERTIME CLAIM WOULD BE FUTILE BECAUSE THE MASSACHUSETTS' OVERTIME STATUTE DOES NOT PROVIDE FOR CIVIL ACTIONS AGAINST INDIVIDUAL OFFICERS OF CORPORATE EMPLOYERS.**

Massachusetts Gen. Laws Chapter 151, the Massachusetts statute regarding payment of overtime, nowhere authorizes an employee to bring a civil action against an officer of his employer. The term "employer" as used in Chapter 151 does not include individual officers of a corporate employer. The remedies section of Chapter 151 provides for criminal and administrative remedies but does not authorize civil actions against individual officers. Nor is there any caselaw suggesting that individual officers of a corporate employer may be held civilly liable for the corporate employer's alleged failure to pay overtime. In short, civil claims such as the claim Butterworth seeks to assert against Trant are not authorized.

A. **The Term "Employer" As Used In Chapter 151 Does Not Include The Officers Of A Corporate Employer.**

The basic requirement to pay overtime is stated in section 1A of Chapter 151. Section 1A provides in relevant part:

> Except as otherwise provided in this section, no employer in the commonwealth shall employ any of his employees in an occupation, as defined in section two, for a work week longer than forty hours, unless such employee receives compensation for his employment in excess of forty hours at a rate not less than one and one half times the regular rate at which he is employed.

The term "employer" is not defined in section 2, the definitions section of Chapter 151, or anywhere else in the Chapter. However, in several places in Chapter 151 the term "employer" is

-3-

used in a way that makes clear that it does not include the officers of a corporate employer. See, e.g., sec. 1B ("Any employer or the officer or agent of any corporation who . . ."); sec. 19(1) ("Any employer and his agent, or the officer or agent of any corporation who . . ."); sec. 19(2) ("Any employer or the officer or agent of any corporation who . . ."); sec. 19(2A) ("Any employer or the officer or agent of any corporation who . . ."); sec. 19(3) ("Any employer or the officer or agent of any corporation who . . ."). Thus, where Chapter 151 applies to officers or agents of corporate employers, the officers or agents are mentioned specifically.

The Massachusetts Division of Occupational Safety has issued regulations explaining how Chapter 151 should be applied in particular circumstances. See 455 Code of Mass. Regs. sec. 2.01-2.08. However, the regulations do not purport to shed any light on the remedies available under Chapter 151. Although the regulations include a definitions section that includes a definition of "Employer" (see 455 Code of Mass. Regs. sec. 2.01),[1] the section defines terms as used in the regulations themselves and does not purport to define terms as used in Chapter 151.Indeed, among the terms defined in the definitions section of the regulations are the terms "*Bona fide* educational institution," "Minor," "Regular Hourly Rate," "Uniform," and "Working Time," all of which are used in the regulations themselves but nowhere in Chapter 151. See 455 Code of Mass. Regs. sec. 2.01. In the one instance in which the regulations purport to define a term as it used in Chapter 151, they explicitly state that intent. See 455 Code of Mass. Regs. 2.02 ("The terms 'bona fide executive, or administrative or professional employee' in M.G.L. c. 151, sec. 1A(3), shall have the same meaning as set forth in Part 541 of the U.S. Code of Federal

---

[1] Section 2.01 provides: "Employer:   An individual, corporation partnership or other entity, including any agent thereof, that engages the services of an employee or employees for wages, remuneration or other compensation."

Regulations."). Thus, the regulations do not purport to change or expand the meaning of the term "employer" in Chapter 151 to include officers of corporate employers.

> **B.    The Remedies Section of Chapter 151 Does Not Authorize A Civil Action Against The Officer Of A Corporate Employer.**

Section 1B of Chapter 151 states the remedies for failure to pay overtime as required by section 1A of the Chapter.  Careful analysis of the first three sentences of section 1B shows that a civil action against the officers of a corporate employer is not among the remedies available.

The first three sentences of section 1B are as follows:

> [Sentence 1] Any employer or the officer or agent of any corporation who pays or agrees to pay to any employee less than the overtime rate of compensation required by section one A shall have violated this section and shall be punished or shall be subject to a civil citation or order as provided in section 27C of chapter 149, and each week in which such employee is paid less than such overtime rate of compensation and each employee so paid less, shall constitute a separate offense. [Sentence 2] In addition, if any person is paid by an employer less than such overtime rate of compensation, such person may recover in a civil action three times the full amount of such overtime rate of compensation less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between such person and the employer to work for less than such overtime rate of compensation shall be no defense to such action. [Sentence 3] At the request of any employee paid less than such overtime rate of compensation, the attorney general may take an assignment of such wage claim in trust for the assigning employee and may bring any legal action necessary to collect such claim, and the employer shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court."

As Butterworth correctly points out in his motion, the first sentence of section 1B states that any employer "or the officer or agent of any corporation" that pays any employee less than

-5-

B0399265

the required overtime rate is subject to liability pursuant to Mass. Gen. Laws Chapter 149, section 27C.  However, <u>Chapter 149 section 27C nowhere authorizes an employee to assert a civil action or recover civil damages for failure to pay overtime</u>.  The section provides for criminal and administrative penalties only.  (A copy of Chapter 149 section 27C, which is several pages long, is Attachment A to this Opposition.)[2]

The second sentence of section 1B explicitly authorizes employees who have been denied overtime to bring civil actions.  However, the sentence does not authorize such an action against any officers or agents of corporate employers.  The sentence mentions only "an employer," without any reference to officers of corporate employers.

The third sentence of section 151B strongly corroborates the conclusion that civil actions are intended to be authorized against employers only – and not against individual corporate officers.  The third sentence states that the attorney general may take an assignment of an employee's overtime claim and bring an appropriate action to collect on the claim, and that "<u>the employer</u> shall be required to pay the costs and such reasonable attorney's fees as may be allowed by the court."  (Emphasis added.)  Only the employer – not any officers – is mentioned as potentially responsible for paying costs and attorneys fees.  The only reasonable explanation is that only the employer is subject to such suits.

Where the Massachusetts legislature has intended to authorize civil actions against individual officers of corporate employers, it has made its intent unmistakably clear.  For example, Chapter 149, section 148, requiring timely payment of weekly wages, explicitly

---

[2] There are certainly legitimate reasons for the Massachusetts legislature to have enacted a legislative scheme allowing criminal and administrative penalties but not civil actions against a company's corporate officers.  Whether to pursue criminal or administrative remedies against individual officers would be subject to the discretion of a disinterested prosecutor or governmental official.  The decision whether to pursue civil actions against individual officers, on the other hand, would be made by employees who would often have every incentive to name individuals as defendants whenever possible.

-6-

includes the officers of a corporate employer among those who may be liable for failure to pay an employee's wages on time. See M.G.L. c. 149, sec. 148, 5th par., 2d sent. ("The president and treasurer of a corporation and any officers or agents having the management of such corporation shall be deemed to be the employers of the employees of the corporation within the meaning of this section." Similarly, Chapter 151 section 19(1) explicitly states that the officer or agent of a corporate employer can be liable for certain forms of retaliation.[3] The absence of any such language in the portion of Chapter 151 that authorizes civil actions strongly supports the conclusion that such actions are simply not available against officers of corporate employers in their individual capacities.

### C. Defendants Can Locate No Reported Case Of A Corporate Officer Ever Being Held Civilly Liable For A Corporate Employer's Failure To Pay Overtime To An Employee Pursuant To Mass. Gen. Laws Chapter 151.

Defendants have located no reported cases of an individual defendant ever being held liable for a corporate employer's failure to pay overtime under Chapter 151. Indeed, the defendants have found only one reported overtime case under Chapter 151 in which an individual has even been named as a defendant in such circumstances. In that case, Chiappetta v. Lyons, 1999 Mass. App. Div. 276, the person was not an officer of a corporate employer but the general partner of the partnership that employed the plaintiff. 1999 Mass. App. Div. 276 n.1. The person was named as a defendant both as an individual and as general partner of the partnership. Presumably, the person's liability to the plaintiff would have been the same in

---

[3] Section 19(1) provides: "Any employer and his agent, or the officer or agent of any corporation who discharges or in any other manner discriminates against any employee, including any employee in the domestic service of any family or person at his home for not less than sixteen hours per week, because such employee has complained of a violation of the provisions of this chapter, or has testified or is about to testify in any investigation or proceeding under or related to this chapter, or because such employer believes that said employee or individual may complain of a violation of the provisions of this chapter, shall have violated this section and shall be punished or shall be subject to a civil citation or order as provided in section 27C of chapter 149, and shall be liable for damages which shall not be less than one month's wages nor more than two month's wages of such individual, and the costs of the suit, including a reasonable attorney's fee."

-7-

B0399265

either capacity, making the issue whether he could properly be sued as an individual insignificant.[4]  In any event, the plaintiff's overtime claim was dismissed on other grounds.

The apparent absence of any cases seeking civil damages from the officers of corporate employers for the employer's alleged failure to pay overtime further corroborates the conclusion that Chapter 151 authorizes no such remedy.

### IV.   CONCLUSION

Chapter 151 does not authorize an employee to file a civil action against an officer of his or her corporate employer for the employer's alleged failure to pay overtime.  Thus, Butterworth's proposed amendment of his complaint, insofar as it seeks to add a claim pursuant to Chapter 151 against Trant, would be futile, and the motion for leave to amend should be denied.

          Respectfully submitted,

          DEFENDANTS
          WESTON RACQUET CLUB, INC. and
          40 LOVE, INC.

          By their attorneys,

          /s/ Patrick J. Bannon
          Patrick J. Bannon, BBO # 635523
          pbannon@ghlaw.com
          Gadsby Hannah LLP
          225 Franklin Street
          Boston, MA  02110
          (617) 345-7000

Dated:  January 25, 2005

---

[4] In the present case, even though individual liability is possible under some circumstances under the Fair Labor Standards Act, whether Trant can be sued under Chapter 151 is significant because Chapter 151, unlike the FLSA, allows for the possibility of triple damages.  See Mass. Gen. Laws Chapter 151, sec. 1B.

B0399265

**CERTIFICATE OF SERVICE**

    I, Patrick J. Bannon, hereby certify that I served via electronic means, a true and accurate copy of the <u>Defendants' Opposition to Plaintiff's Motion For Leave to Amend Complaint</u> on all counsel in this action on this 25<u>th</u> day of January, 2005.

                                          By:    <u>/s/ Patrick J. Bannon</u>
                                                    Patrick J. Bannon