# ATTACHMENT A

**Chapter 149: Section 27C Penalties for violations of certain sections by employers, contractors, subcontractors or their employees**

  Section 27C. (a)(1) Any employer, contractor or subcontractor, or any officer, agent, superintendent, foreman, or employee thereof, or staffing agency or work site employer who willfully violates any provision of section 26, 27, 27A, 27B, 27F, 27G, 27H, 148, 148A, 148B or 159C or section 1A, 1B or 19 of chapter 151, shall be punished by a fine of not more than $25,000 or by imprisonment for not more than one year for a first offense, or by both such fine and imprisonment and for a subsequent willful offense a fine of not more than $50,000, or by imprisonment for not more than two years, or by both such fine and such imprisonment.

  (2) Any employer, contractor or subcontractor, or any officer, agent, superintendent, foreman or employee thereof, or staffing agency or work site employer who without a willful intent to do so, violates any provision of section 26, 27, 27A, 27B, 27F, 27G, 27H, 148, 148A, 148B or 159C or section 1A, 1B or 19 of chapter 151, shall be punished by a fine of not more than $10,000, or by imprisonment for not more than six months for a first offense, and for a subsequent offense by a fine of not more than $25,000 or by imprisonment for not more than one year, or by both such fine and such imprisonment. A complaint or indictment hereunder or under the provisions of the first paragraph may be sought either in the county where the work was performed or in the county where the employer, contractor, or subcontractor has a principal place of business. In the case of an employer, contractor, or subcontractor who has his principal place of business outside the commonwealth, a complaint or indictment may be sought either in the county where the work was performed or in Suffolk county.

*[ Paragraph (3) of subsection (a) effective until September 8, 2004. For text effective September 8, 2004, see below.]*

  (3) Any contractor or subcontractor convicted of willfully violating any provision of section 26, 27, 27A, 27B, 27F, 27G or 27H shall, in addition to any criminal penalty imposed, be prohibited from contracting, directly or indirectly, with the commonwealth or any of its agencies or political subdivisions for the construction of any public building or other public works, or from performing any work on the same as a contractor or subcontractor, for a period of five years from the date of such conviction. Any contractor or subcontractor convicted of violating any provision of section 26, 27, 27A, 27B, 27F, 27G or 27H shall, in addition to any criminal penalty imposed, be prohibited from contracting, directly or indirectly, with the commonwealth or any of its agencies, authorities or political subdivisions for the construction of any public building or other public works or from performing any work on the same as a contractor or subcontractor, for a period not to exceed six months from the date of such conviction for a first offense and up to three years from the date of conviction for subsequent offense. After final conviction and disposition of a violation pursuant to this paragraph in any court, the clerk of said court shall send a notice of such conviction to the attorney general, who shall send written notice to all departments and agencies of the commonwealth which contract for public construction and to the appropriate authorities of counties, authorities, cities and towns that such person is prohibited from contracting, directly or indirectly, with the commonwealth or any of its authorities or

political subdivisions for the period of time required under this paragraph. The attorney general may take such action as may be necessary to enforce the provisions of this paragraph, and the superior court shall have jurisdiction to enjoin or invalidate any contract award made in violation of this paragraph.

*[ Paragraph (3) of subsection (a) as amended by 2004, 125, Secs. 5 and 6 effective September 8, 2004. For text effective until September 8, 2004, see above.]*

(3) Any contractor or subcontractor convicted of willfully violating any provision of section 26, 27, 27A, 27B, 27F, 27G, 27H or 148B shall, in addition to any criminal penalty imposed, be prohibited from contracting, directly or indirectly, with the commonwealth or any of its agencies or political subdivisions for the construction of any public building or other public works, or from performing any work on the same as a contractor or subcontractor, for a period of five years from the date of such conviction. Any contractor or subcontractor convicted of violating any provision of section 26, 27, 27A, 27B, 27F, 27G, 27H or 148B shall, in addition to any criminal penalty imposed, be prohibited from contracting, directly or indirectly, with the commonwealth or any of its agencies, authorities or political subdivisions for the construction of any public building or other public works or from performing any work on the same as a contractor or subcontractor, for a period not to exceed six months from the date of such conviction for a first offense and up to three years from the date of conviction for subsequent offense. After final conviction and disposition of a violation pursuant to this paragraph in any court, the clerk of said court shall send a notice of such conviction to the attorney general, who shall publish written notice to all departments and agencies of the commonwealth which contract for public construction and to the appropriate authorities of counties, authorities, cities and towns that such person is prohibited from contracting, directly or indirectly, with the commonwealth or any of its authorities or political subdivisions for the period of time required under this paragraph. The attorney general may take such action as may be necessary to enforce the provisions of this paragraph, and the superior court shall have jurisdiction to enjoin or invalidate any contract award made in violation of this paragraph.

(b)(1) As an alternative to initiating criminal proceedings pursuant to subsection (a), the attorney general may issue a written warning or a civil citation. For each violation, a separate citation may be issued requiring any or all of the following: that the infraction be rectified, that restitution be made to the aggrieved party, or that a civil penalty of not more than $25,000 for each violation be paid to the commonwealth, within 21 days of the date of issuance of such citation. For the purposes of this paragraph, each failure to pay an employee the appropriate rate or prevailing rate of pay for any pay period may be deemed a separate violation, and the pay period shall be a minimum of 40 hours unless such employee has worked fewer than 40 hours during that week.

(2) Notwithstanding the foregoing, the maximum civil penalty that may be imposed upon any employer, contractor or subcontractor, who has not previously been either criminally convicted of a violation of the provisions of this chapter or chapter 151 or issued a citation hereunder, shall be no more than $15,000, except that in instances in which the attorney general determines that the employer, contractor or subcontractor lacked specific intent to violate the provisions of this chapter or said chapter 151, the maximum civil penalty for such an employer, contractor or

subcontractor who has not previously been either criminally convicted of a violation of the provisions of this chapter or said chapter 151 or issued a citation hereunder shall be not more than $7,500. In determining the amount of any civil penalty to be assessed hereunder, said attorney general shall take into consideration previous violations of this chapter or said chapter 151 by the employer, the intent by such employer to violate the provisions of this chapter or said chapter 151, the number of employees affected by the present violation or violations, the monetary extent of the alleged violations, and the total monetary amount of the public contract or payroll involved.

*[ Paragraph (3) of subsection (b) effective until September 8, 2004. For text effective September 8, 2004, see below.]*

   (3) In the case of a citation for violating any provision of section 26, 27, 27A, 27B, 27F, 27G or 27H, the attorney general may also order that a bond in an amount necessary to rectify the infraction and to ensure compliance with sections 26 to 27H, inclusive, and with other provisions of law, be filed with said attorney general, conditioned upon payment of said rate or rates of wages, including payments to health and welfare funds and pension funds, or the equivalent payment in wages, on said public works to any person performing work within classifications as determined by the commissioner. Upon any failure to comply with the requirements set forth in such citation, said attorney general may order the cessation of all or the relevant portion of the work on the project site. In addition, any contractor or subcontractor failing to comply with the requirements set forth in such citation or order, shall be prohibited from contracting, directly or indirectly, with the commonwealth or any of its agencies or political subdivisions for the construction of any public building or other public works, or from performing any work on the same as a contractor or subcontractor, for a period of one year from the date of issuance of such citation or order. Any contractor or subcontractor who receives three citations or orders occurring on three different occasions, each of which includes a finding of intent, within a three year period shall automatically be debarred for a period of two years from the date of issuance of the third such citation or order. Any debarment hereunder shall also apply to all affiliates of the contractor or subcontractor, as well as any successor company or corporation that said attorney general, upon investigation, determines to not have a true independent existence apart from that of the violating contractor or subcontractor.

*[ Paragraph (3) of subsection (b) as amended by 2004, 125, Secs. 5, 7 and 8 effective September 8, 2004. For text effective until September 8, 2004, see above.]*

   (3) In the case of a citation for violating any provision of section 26, 27, 27A, 27B, 27F, 27G, 27H or 148B, the attorney general may also order that a bond in an amount necessary to rectify the infraction and to ensure compliance with sections 26 to 27H, inclusive, and with other provisions of law, be filed with said attorney general, conditioned upon payment of said rate or rates of wages, including payments to health and welfare funds and pension funds, or the equivalent payment in wages, on said public works to any person performing work within classifications as determined by the commissioner. Upon any failure to comply with the requirements set forth in a citation, said attorney general may order the cessation of all or the relevant portion of the work on the project site. In addition, any contractor or subcontractor failing to comply with the requirements set forth in a citation or order, shall be prohibited from

contracting, directly or indirectly, with the commonwealth or any of its agencies or political subdivisions for the construction of any public building or other public works, or from performing any work on the same as a contractor or subcontractor, for a period of one year from the date of issuance of such citation or order. Any contractor or subcontractor who receives three citations or orders occurring on three different occasions, each of which includes a finding of intent, within a three year period shall automatically be debarred for a period of two years from the date of issuance of the third such citation or order or a final court order, whichever is later. Any debarment hereunder shall also apply to all affiliates of the contractor or subcontractor, as well as any successor company or corporation that said attorney general, upon investigation, determines to not have a true independent existence apart from that of the violating contractor or subcontractor.

*[ Paragraph (4) of subsection (b) effective until September 8, 2004. For text effective September 8, 2004, see below.]*

  (4) Any person aggrieved by any citation or order issued pursuant to this subsection may appeal said citation or order by filing a notice of appeal with the attorney general and the division of administrative law appeals within ten days of the receipt of the citation or order. Any such appellant shall be granted a hearing before the division of administrative law appeals in accordance with chapter 30A. The hearing officer may affirm, vacate, or modify the citation or order. Any person aggrieved by a decision of the hearing officer may file an appeal in the superior court pursuant to the provisions of said chapter 30A.

*[ Paragraph (4) of subsection (b) as amended by 2004, 125, Sec. 9 effective September 8, 2003. For text effective until September 8, 2004, see above.]*

  (4) Any person aggrieved by any citation or order issued pursuant to this subsection may appeal said citation or order by filing a notice of appeal with the attorney general and the division of administrative law appeals within ten days of the receipt of the citation or order. Any such appellant shall be granted a hearing before the division of administrative law appeals in accordance with chapter 30A. The hearing officer may affirm or if the aggrieved person demonstrates by a preponderance of evidence that the citation or order was erroneously issued, vacate, or modify the citation or order. Any person aggrieved by a decision of the hearing officer may file an appeal in the superior court pursuant to the provisions of said chapter 30A.

  (5) In cases when the decision of the hearing officer of the division of administrative law appeals is to debar or suspend the employer, said suspension or debarment shall not take effect until 30 days after the issuance of such order; provided, however, that the employer shall not bid on the construction of any public work or building during the aforementioned 30 day period unless the superior court temporarily enjoins the order of debarment or suspension.

*[ Paragraph (6) of subsection (b) effective until September 8, 2003. For text effective September 8, 2004, see below.]*

  (6) If any person shall fail to comply with the requirements set forth in any order or citation issued by the attorney general hereunder, or shall fail to pay any civil penalty or restitution

imposed thereby within 21 days of the date of issuance of such citation or order or within 30 days following the decision of the hearing officer if such citation or order has been appealed, excluding any time during which judicial review of the hearing officer's decision remains pending, said attorney general may apply for a criminal complaint for the violation of the appropriate section of this chapter.

*[ Paragraph (6) of subsection (b) as amended by 2004, 125, Sec. 10 effective September 8, 2004. For text effective until September 8, 2004, see above.]*

   (6) If any person shall fail to comply with the requirements set forth in any order or citation issued by the attorney general hereunder, or shall fail to pay any civil penalty or restitution imposed thereby within 21 days of the date of issuance of such citation or order or within 30 days following the decision of the hearing officer if such citation or order has been appealed, excluding any time during which judicial review of the hearing officer's decision remains pending, said attorney general may apply for a criminal complaint or seek indictment for the violation of the appropriate section of this chapter.

*[ Paragraph (7) of subsection (b) effective until September 8, 2004. For text effective September 8, 2004, see below.]*

   (7) Notwithstanding the provisions of paragraph (6), if any civil penalty imposed by a citation or order issued by the attorney general remains unpaid beyond the time period specified for payment in said paragraph (6), such penalty amount, together with interest thereon at the rate of 18 per cent per annum, shall be a lien upon the real estate and personal property of the person who has failed to pay such penalty. Such lien shall take effect by operation of law on the day immediately following the due date for payment of such fine, and, unless dissolved by payment, shall as of said date be considered a tax due and owing to the commonwealth, which may be collected through the procedures provided for by chapter 62C. In addition to the foregoing, no officer of any corporation which has failed to pay any such penalty may incorporate or serve as an officer in any corporation which did not have a legal existence as of the date said fine became due and owing to the commonwealth.

*[ Paragraph (7) of subsection (b) as amended by 2004, 125, Sec. 11 effective September 8, 2004. For text effective until September 8, 2004, see above.]*

   (7) Notwithstanding the provisions of paragraph (6), if any civil penalty imposed by a citation or order issued by the attorney general remains unpaid beyond the time period specified for payment in said paragraph (6), such penalty amount and any restitution order, together with interest thereon at the rate of 18 per cent per annum, shall be a lien upon the real estate and personal property of the person who has failed to pay such penalty. Such lien shall take effect by operation of law on the day immediately following the due date for payment of such fine, and, unless dissolved by payment, shall as of said date be considered a tax due and owing to the commonwealth, which may be collected through the procedures provided for by chapter 62C. In addition to the foregoing, no officer of any corporation which has failed to pay any such penalty may incorporate or serve as an officer in any corporation which did not have a legal existence as of the date said fine became due and owing to the commonwealth.

-6-

  (c) Civil and criminal penalties pursuant to this section shall apply to employers solely with respect to their wage and benefit obligations to their own employees.