UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BUTTERWORTH,<br>      Plaintiff,<br><br>v.<br><br>WESTON RACQUET CLUB, INC.<br>and 40 LOVE, INC.,<br>      Defendants.<br><br>WESTON RACQUET CLUB, INC.<br>      Plaintiff-in-Counterclaim,<br><br>v.<br><br>ROBERT BUTTERWORTH,<br>      Defendant-in-Counterclaim | C.A. No. 1:04-CV-10425 MEL |

PLAINTIFF/DEFENDANT IN COUNTERCLAIM'S RESPONSE
TO DEFENDANTS' OPPOSITION TO HIS MOTION TO AMEND

**I.    Introduction**

By leave of the Court, Plaintiff/Defendant in Counterclaim, Robert Butterworth ("Butterworth"), respectfully responds to the Opposition to his Motion to Amend Complaint filed by Defendants Weston Racquet Club, Inc. and 40 Love, Inc. (collectively "WRC"). Butterworth initially filed a complaint alleging that WRC failed to pay him overtime wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Massachusetts General Laws chapter 151, § 1A, et seq. He then filed a Motion to Amend seeking to add Richard J. Trant ("Trant"), the founder, president and owner of WRC, as a party defendant under both the federal and state statutes.

WRC opposes only that portion of the Motion to Amend in which Butterworth seeks to add Trant as a defendant pursuant to G.L. c. 151, § 1A, et seq.[1] The crux of WRC's opposition is that the first sentence of chapter 151, § 1B, which allows for criminal sanctions against an "employer or the officer or agent of any corporation" for not paying overtime compensation, is clearly applicable to Trant, but that the second sentence, which authorizes a private right of action, does not apply to Trant because it does not specifically indicate that corporate officers are subject to civil liability. WRC contends, because the statute does not relate that individual corporate officials may be liable civilly but provides that they may be liable criminally, only the employer is subject to civil liability. Further, WRC argues that the term "employer" is not defined within the statute and urges the court to look beyond the statute to define that term.

Mr. Butterworth suggests respectfully that when chapter 151, § 1B is read as a unified whole rather than piecemeal, as urged by WRC, it is clear that Trant may be sued civilly for unlawfully failing to pay overtime wages to employees. In summary, Mr. Butterworth contends that a proper construction of the statute allows a civil action against anyone who violates the statute, not just employers. Moreover, the term employer is defined by regulation to include agents of corporations, and there can be no doubt that Trant was (and is) an agent of WRC. WRC will not be prejudiced if the Motion to Amend is allowed. Therefore, this Court should allow the motion.

**II.  Argument**

If an employee is not properly paid overtime wages, G.L. c. 151, § 1B provides several independent avenues by which the violation can be addressed. The first sentence

---

[1] WRC does not oppose Butterworth's attempt to add Trant as a defendant under the Fair Labor Standards Act.

of the statute provides that "[a]ny employer or the officer or agent of any corporation who pays or agrees to pay to any employee less than the overtime rate of compensation required by section one A . . . shall be punished as provided in section 27C of chapter 149".[2] The second sentence of section 1B allows for a private right of action and provides in relevant part: "if any person is paid by an employer less than such overtime rate of compensation such person may recover in a civil action three times the full amount of such overtime rate of compensation . . . ." G.L. c. 151, § 1B. The third sentence allows the employee to assign the wage claim to the Attorney General, who may then bring a legal action to collect the unpaid overtime funds. Id.

WRC argues that only employers may be sued civilly based on the language of the statute – however, the statute does not delineate or otherwise limit the class of individuals or entities who are subject to a civil suit (or a legal action by the Attorney General). This Court should not read a restriction into the statute that was not included by the legislature. More importantly, for purposes of G.L. c. 151, an employer is defined as "[a]n individual, corporation, partnership or other entity, including any agent thereof, that engages the services of an employee or employees for wages, remuneration or other compensation". 455 CMR 2.01 (emphasis added). Therefore, even if it is assumed that only employers are subject to civil actions as WRC maintains, Trant would be amenable to a civil liability as an agent of WRC. The question of whether Trant can be sued individually as a corporate officer is not determinative.

---

[2] Among other things, G.L. c. 149, § 27C provides criminal penalties which include fines and imprisonment for any "employer, contractor or subcontractor, or any agent, superintendent, foreman, or employee thereof . . . who willfully violates [G.L. c. 151, §§ 1A or 1B]", and as an alternative to criminal sanctions, allows for written warnings or civil citations by the Attorney General.

Moreover, WRC's proposed interpretation must be rejected because it is not in accord with the plain meaning of the statute and with the precept of statutory interpretation which attempts to avoid statutory constructions that would lead to absurd results. See Nahigian v. Leonard, 233 F.Supp.2d 151, 161 (D.Mass. 2002)("if a sensible construction is available, statutes should not be read to achieve absurd results"). If WRC's interpretation is accepted, corporate officers who commit a crime by failing to pay overtime could wind up in prison (see n.2, above), but would be immune from a suit for monetary damages and a civil action by the Attorney General to recover the unpaid overtime compensation.

Instructive in this regard is the opinion of this court in a case involving the same issues concerning another Massachusetts statute designed to ensure that employees are paid wages they are owed. In Nahigian v. Leonard, the Court considered whether an employee could maintain a civil action against a corporate officer under the Massachusetts Payment of Wages Act, G.L. c. 149, § 148, although the relevant statutory provisions did not specifically indicate that corporate officers were subject to civil liability. 233 F.Supp.2d 151. The Payment of Wages Act makes it a crime for "employers" not to pay earned wages to employees regularly, and subjects violators, including "the president and treasurer of a corporation and any officers and agents having the management of such corporation" to the criminal sanctions contained in G.L. c. 149, § 27C. See G.L. c. 149, § 148. Section 150 of chapter 149 authorizes the Attorney General to "make complaint or seek indictment against any person for a violation of section 148". Once certain procedural prerequisite have been met, section 150 also allows an employee to "institute and prosecute in his own name and on his own

behalf . . . a civil action for injunctive relief and any damages incurred". Id. The statute does not specify who may be indicted or sued in a civil action. See G.L. c. 149, § 150.

As in this case, the defendant in Nahigian argued that corporate officers were not subject to civil suit, although they could be found criminally liable. The court rejected that argument and found that corporate officers were subject to civil suit, pursuant to section 150, for two primary reasons. First, the Court found that the language allowing "any employee claiming to be aggrieved by a violation of section 148" to file a civil action was, absent limiting language, meant to allow employees to sue anyone who violated the statute. 233 F.Supp.2d at 161. Since it was clear that corporate officers could violate the statute, they were amenable to civil suit. Id. Second, the court found that it was absurd to interpret the statute to mean that "corporate officers would be criminals" for failing to pay wages to an employee, "but they could not be prosecuted either by the attorney general or an employee [in a civil action]". Id. at 162.

### III.   Conclusion

For all of the above reasons, Plaintiff/Defendant in Counterclaim respectfully requests this Court to grant his Motion to Amend.

<div style="margin-left: 50%;">

Respectfully submitted,

Plaintiff/Defendant in Counterclaim,
Robert Butterworth
By his attorneys,

_/s/ Joseph L. Edwards, Jr._
Richard D. Glovsky, BBO #195820
Joseph L. Edwards, Jr.  BBO #564288
PRINCE, LOBEL, GLOVSKY & TYE, LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8000

</div>

Dated: 2/23/05