**E N D O R S E M E N T**

ROBERT BUTTERWORTH v. WESTON RACQUET CLUB, INC. and 40 LOVE, INC.
04-CV-10425-MEL
LASKER, D.J.

      Robert Butterworth ("Butterworth") sues Weston Racquet Club, Inc. ("WRC") and 40 Love, Inc. for an alleged failure to pay overtime compensation in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, and the Massachusetts Minimum Fair Wages Law, M.G.L. c. 151. Butterworth moves to amend the Complaint by adding Richard J. Trant ("Trant"), the founder, president, and owner of WRC, as a party defendant. WRC opposes the motion to amend only to the extent that it seeks to hold Trant individually liable pursuant to the M.G.L. c. 151 claim.

      The case of <u>Nahigian v. Leonard</u>, 233 F.Supp.2d 151 (D. Mass. 2002), is instructive in analyzing this motion. In <u>Nahigian</u>, the court considered whether an employee could maintain a civil action against a corporate officer under the Massachusetts Payment of Wages Act, M.G.L. c. 149 § 148. The Payment of Wages Act differs from the Minimum Fair Wages Law at issue here because the term "employer" is specifically defined in M.G.L. c. 149 § 148 to include corporate officers and agents. In contrast, the term "employer" is not defined within M.G.L. c. 151. However, in explaining how M.G.L. c. 151 should be applied in particular circumstances, the Code of Massachusetts Regulations defines an "employer" as "[a]n individual, corporation, partnership or other entity, including any agent thereof, that engages the services of an employee or employees for wages, remuneration or other compensation." 455 C.M.R. 2.01.

      Moreover, the Payment of Wages Act and Minimum Fair Wages Law are similar in that both make it a crime for employers, corporate officers, or agents to fail to pay wages owed to their employees. The text of M.G.L. c. 151 specifies that corporate officers or agents can violate the statute: "Any employer or the officer or agent of any corporation who pays or agrees to pay to any employee less than the overtime rate of compensation required by section one A shall have violated this section and shall be punished or shall be subject to a civil citation or order as provided in section 27C of chapter 149." M.G.L. c. 151 § 1B.

      In <u>Nahigian</u>, the court emphasized the broad language of M.G.L. c. 149 § 150, which provides the remedies for a violation of c. 149 § 148, in reaching the conclusion that an employee can sue anyone who violates c. 149 § 148, including corporate

officers:

> Notably, the word "employer" is not defined or even used within the relevant paragraph of Section 150. Instead, the paragraph simply states that "any employee claiming to be aggrieved by a violation of section 148" can prosecute a civil action. Mass. Gen. L., ch. 149, § 150. The plain meaning of this clause, absent some special limiting language narrowing the class that can be sued, is to allow an employee to sue anyone who violates Section 148. Since corporate officers can violate Section 148 (as they fall within its definition of employer), it follows that they can be sued under Section 150. Nahigian, 233 F.Supp.2d at 161.

Similarly, the language of M.G.L. c. 151 § 1B, outlining the remedies for failure to pay overtime as required in c. 151 § 1A, provides that:

> if any person is paid by an employer less than such overtime rate of compensation, such person may recover in a civil action three times the full amount of such overtime rate of compensation less any amount actually paid to him or her by the employer, together with costs and such reasonable attorney's fees as may be allowed by the court, and any agreement between such person and the employer to work for less than such overtime rate of compensation shall be no defense to such action. M.G.L. c. 151 § 1B.

As with M.G.L. c. 149 § 148, corporate officers or agents can violate c. 151, as evidenced by the fact that they can be held criminally liable under M.G.L. c. 149 § 27C for such violations. Unlike M.G.L. c. 149 § 150, the word "employer" is used in c. 151 § 1B. However, it is not used in a manner that narrows the class to be sued in a civil action, and the statute ought to be interpreted according to its plain meaning rather than by reading in a limitation that was not explicitly included by the legislature.

> Finally, in Nahigian, the court adhered to the canon that statutes should not be read to achieve "absurd results". The court noted that if corporate officers were excluded from the

2

definition of "employer" for the purposes of M.G.L. c. 149 § 150, then "corporate officers would be criminals, but they could not be prosecuted either by the attorney general or an employee." <u>Nahigian</u>, 233 F.Supp.2d at 162.  A similar result would occur here if corporate officers and agents could not be held civilly liable under c. 151 § 1B.

    Accordingly, the motion to amend the Complaint is GRANTED.

    It is so ordered.


Dated:    April 6, 2005
        Boston, Massachusetts    <u>/s/ Morris E. Lasker</u>
                                   U.S.D.J.