

Patrick J. Bannon
pbannon@ghlaw.com

Tel: 617 345 7029
Fax: 617 204 8029

225 Franklin Street
Boston MA 02110

Tel  617 345 7000
Fax  617 345 7050

www.ghlaw.com

June 8, 2005

**ELECTRONIC SUBMISSION**

The Honorable Morris E. Lasker
United States District Court
One Courthouse Way
Suite 4730
Boston, MA  02210

Re:    Re:  Butterworth v. Weston Racquet Club, Inc., et al
       <u>Case No. 1:04-CV-10425</u>

Dear Judge Lasker:

  Attached for electronic submission is Defendants' ANSWER TO AMENDED COMPLAINT.  This document replaces our filing of May 11, 2005 in which an incorrect document was transmitted to the Court due to a document numbering problem.  We regret any inconvenience our error may have caused.

Sincerely,

Patrick J. Bannon

PJB/msg
Attachment

B0417403v1

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BUTTERWORTH, | ) |
| Plaintiff, | ) ) ) |
| v. | ) Civil Action No. 04-10425-MEL |
| WESTON RACQUET CLUB, INC., 40 LOVE, INC., and RICHARD J. TRANT | ) ) ) ) |
| Defendants. | ) ) |
| WESTON RACQUET CLUB, INC. | ) ) |
| Plaintiff-in-Counterclaim, | ) ) |
| v. | ) ) |
| ROBERT BUTTERWORTH, | ) ) |
| Defendant-in-Counterclaim, | ) ) |

## ANSWER TO AMENDED COMPLAINT

Defendant and Counterclaimant Weston Racquet Club, Inc. ("WRC") and Defendants 40 Love, Inc., and Richard J. Trant answer the Amended Complaint of plaintiff Robert Butterworth in this matter as follows:

**FIRST DEFENSE**

For their first defense, defendants respond to the numbered paragraphs of the Complaint as follows:

1. Defendants lack sufficient knowledge and information to admit or deny the allegations of paragraph 1.

B0352687v1

2.  Defendants admit that WRC is a corporation having a principal place of business at 132 West Street, Waltham, Massachusetts, admit that WRC operates a tennis facility, and otherwise deny the allegations of paragraph 2.

3.  Denied. Throughout this Answer, "WRC" refers to Weston Racquet Club, Inc. only, and does not include 40 Love, Inc. or any other person or entity.

4.  Admitted.

5.  Defendants admit that WRC operates a tennis facility and otherwise deny the allegations of paragraph 5.

6.  Defendants admit that in or about December 2001, Butterworth began working for WRC as a Resident Tennis Professional and otherwise deny the allegations of paragraph 6.

7.  Paragraph 7 states a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations of paragraph 7.

8.  Defendants admit that Butterworth was responsible for, among other things teaching tennis lessons and evaluating tennis players, admit that he also performed off-court work, and otherwise deny the allegations of paragraph 8.

9.  Defendants admit that Butterworth's compensation varied, depending upon what type of work he did and/or how much revenue generated for WRC, and otherwise deny the allegations of paragraph 9.

10. Denied.

11. Defendants admit that WRC did not pay Butterworth at a premium rate of pay for hours worked in excess of 40 in a work week, and otherwise deny the allegations of paragraph 11.

12. Denied.

B0352687v1

13.    Defendants admit that Trant has a significant ownership interest in WRC, that he is involved in managing the club, and that he is from time to time involved in decisions about the hiring and firing of employees, their rates of compensation, and whether to pay or not pay them overtime compensation. Defendants otherwise deny the allegations of paragraph 13.

14.    Denied.

15.    Defendants repeat their responses to the preceding paragraphs as though their responses were set forth herein.

16.    Paragraph 16 states a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations of paragraph 16.

17.    Paragraph 17 states a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations of paragraph 17.

18.    Paragraph 18 states a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations of paragraph 18.

19.    Denied.

20.    Denied.

21.    Denied.

22.    Defendants repeat their responses to the preceding paragraphs as though their responses were set forth herein.

23.    Paragraph 23 states a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations of paragraph 23.

24.    Denied.

25.    Denied.

26.    Denied.

27. Defendants repeat their responses to the preceding paragraphs as though their responses were set forth herein.

28. Paragraph 28 states a legal conclusion to which no response is required. To the extent a response is required, defendants deny the allegations of paragraph 28.

29. Denied.

30. Denied.

31. Denied.

32. Defendants repeat their responses to the preceding paragraphs as though their responses were set forth herein.

33. Defendants admit that Trant was an officer of WRC during Butterworth's work for WRC. Defendants otherwise deny the allegations of paragraph 33.

34. Denied.

35. Denied.

36. Denied.

**SECOND DEFENSE**

WRC is a retail or service establishment. Butterworth's pay was at all times more than one-and-a-half times the federal minimum wage. More than half of Butterworth's compensation for a representative period of not less than a month during the relevant times represented commissions on goods or services. Accordingly, Butterworth's Fair Labor Standards Act claim is barred by 29 U.S.C. section 207(i).

**THIRD DEFENSE**

WRC is a recreational establishment and its receipts for the low six months of one or more relevant calendar years were not more than 1/3 of its receipts for the other six months of

such years. Accordingly, WRC is exempt in whole or in part from the overtime requirements of the Fair Labor Standards Act pursuant to 29 U.S.C. section 213(a)(3).

**FOURTH DEFENSE**

Butterworth provided services to WRC in a bona fide professional capacity. Accordingly, Butterworth's claim under the Fair Labor Standards Act is barred by 29 U.S.C. section 213(a)(1) and his claim under Massachusetts General Laws c. 151, section 1A is barred by c. 151, section 1A(3).

**FIFTH DEFENSE**

Butterworth's claims are barred in part by the applicable statutes of limitation.

**SIXTH DEFENSE**

WRC believed in good faith that Butterworth's compensation arrangements did not violate federal or Massachusetts law. Accordingly, Butterworth is not entitled to any liquidated or multiple damages.

**SEVENTH DEFENSE**

The complaint fails to state a claim against any of the defendants upon which relief can be granted.

**EIGHTH DEFENSE**

Defendant 40 Love, Inc. was never Butterworth's employer and was never obligated to pay Butterworth any overtime compensation or any other compensation whatsoever. To the extent 40 Love, Inc. were ever found to be Butterworth's employer or found to have any obligation to pay Butterworth any form of compensation, 40 Love, Inc., asserts all applicable defenses asserted by WRC herein.

**NINTH DEFENSE**

Defendant Trant was never Butterworth's employer and was never obligated to pay Butterworth any overtime compensation or any other compensation whatsoever. To the extent Trant were ever found to be Butterworth's employer or found to have any obligation to pay Butterworth any form of compensation, Trant asserts all applicable defenses asserted by WRC herein.

**TENTH DEFENSE**

WRC believed in good faith that Butterworth's compensation arrangements did not violate federal or Massachusetts law. The regulations that were in effect at the relevant time to define whether an employee was exempt from federal and Massachusetts overtime requirements were, by the United States Department of Labor's own admission, "so confusing, complex and outdated that often employment lawyers, and even Wage and Hour Division investigators, [had] difficulty determining whether employees qualify for the exemption." See Defining and Delimiting the Exemptions for Executive, Administrative, Professional, Outside Sales and Computer Employees; Preamble to Final Rule, 69 Fed. Reg. 22,122, 22,122 (Apr. 23, 2004). Accordingly, imposition of any liquidated or multiple damages upon any of the defendants would violate their constitutional rights to due process of law.

B0352687v1

WHEREFORE, Defendants request that Butterworth recover nothing against any of them, that his Complaint be dismissed with prejudice, and that each of them be awarded their costs in this matter.

By filing this Answer to Amended Complaint, Defendant WRC does not waive its Counterclaim, which is included in Defendants' March 8, 2004 Answer and Counterclaim.

Respectfully submitted,

DEFENDANT AND
COUNTERCLAIMANT WESTON
RACQUET CLUB, INC. AND
DEFENDANTS 40 LOVE, INC. AND
RICHARD J. TRANT

By their attorney,

_____
Patrick J. Bannon, Esq. BBO #635523
Gadsby Hannah LLP
225 Franklin Street
Boston, MA 02110
(617) 345-7000

Date: May 11, 2005

## CERTIFICATE OF SERVICE

I, Patrick J. Bannon, served the foregoing Answer To Amended Complaint via first class mail to:

Richard D. Glovsky
Joseph L. Edwards
Prince, Lobel, Glovsky & Tye, LLP
585 Commercial Street
Boston, MA 02109

_____
Patrick J. Bannon

DATED: May 11, 2005

7

B0352687v1