UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| ROBERT BUTTERWORTH,<br>　　　　Plaintiff,<br><br>v.<br><br>WESTON RACQUET CLUB, INC., 40<br>LOVE, INC., and RICHARD J. TRANT,<br>　　　　Defendants.<br><br>WESTON RACQUET CLUB, INC.,<br>　　　　Plaintiff-in-Counterclaim,<br><br>v.<br><br>ROBERT BUTTERWORTH,<br>　　　　Defendant-in-Counterclaim | C.A. No. 1:04-CV-10425 MEL |

PLAINTIFF/DEFENDANT IN COUNTERCLAIM'S
MOTION TO MODIFY SCHEDULING ORDER
AND MEMORANDUM OF REASONS

Plaintiff/Defendant in Counterclaim, Robert Butterworth ("Butterworth"), respectfully moves this Court, pursuant to Fed. R. Civ. P. 7(B) and Loc. R. 7.1, to modify the scheduling order in this case by extending each deadline by forty-five days. As reasons for this motion, Butterworth states:

1.　　On February 4, 2004, Butterworth filed a Complaint in the Superior Court of Massachusetts, in which he alleged that Defendants Weston Racquet Club, Inc. and 40 Love, Inc. (collectively "WRC") failed to pay him overtime pay, in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., and Massachusetts General Laws chapter 151, § 1A, et seq.

2. On or about March 2, 2004, WRC filed a motion to remove the case to this Court. On or about March 8, 2004, WRC filed an Answer and Counterclaim.

3. On January 4, 2005, plaintiff filed a Motion to Amend his Complaint to add an individual defendant, Robert J. Trant. On January 25, 2005, defendants filed an opposition to that motion.

4. The parties submitted a joint pre-trial schedule to the Court and on February 3, 2005, the Court conducted a scheduling conference, pursuant to Fed. R. Civ. P. 16(b) and Loc. R. 16(1). As a result of the conference, the Court accepted the parties' proposed pre-trial schedule.

5. According to the pre-trial schedule, the parties were to adhere to the following schedule:

   a. Document requests and interrogatories, if any, and responses thereto to be served on or before June 15, 2005.

   b. Depositions to be completed by October 15, 2005.

   c. Motions to Dismiss and Motions to Amend to be filed on or before June 15, 2005.

   d. Motions for Summary Judgment to be served and filed on or before January 15, 2006.

6. On March 15, 2005, the parties argued plaintiff's Motion to Amend before the Court.

7. On April 6, 2005, the Court issued an order granting the Motion to Amend.

8. Defendants failed to file an Answer to the Amended Complaint within the time allotted by the Federal Rules. Counsel for the plaintiff telephoned counsel for the defendants to inquire about the Answer and remind counsel that the Answer was past due. Defendants filed a document which purported to be an Answer to the Amended Complaint on May 11, 2005.

9. On or about May 11, 2005, Defendants also served on plaintiff Interrogatories and a Request for Production of Documents.

10. Counsel for plaintiff subsequently discovered that defendants had re-filed their Answer to the original Complaint rather an Answer to the Amended Complaint. He notified counsel for the defendants of his discovery.

11. On June 8, 2005, defendants filed an Answer to the Amended Complaint.

12. Plaintiff has not yet served his Interrogatories and Request for Production of Documents on defendants. By inadvertence, it was mistakenly believed that the June 15 deadline was the time within which requests, rather than requests _and_ responses were due.

13. In addition, the Federal Rules of Civil Procedure allow 45 days for a party to respond to Interrogatories and 30 days to respond to Requests for Production of Documents. In order to allow defendants enough time to respond to his requests, plaintiff would have had to serve his Interrogatories and Request for Production of Documents by May 1 and May 15, respectively.[1] These dates were well in advance of the date defendants answered the Amended Complaint.

---

[1] Because defendants served their Interrogatories on plaintiff on or about May 11, plaintiff will not have the time required by the Federal Rules to respond if his responses are served on June 15.

14. While plaintiff fully expects to serve his responses to defendants' written discovery requests and his own discovery within the time specified by the joint proposed schedule, defendants will not have time to respond to plaintiff's discovery requests by that date. The extension requested by plaintiff will allow the plaintiff and defendants time to completely discover all information relative to their respective claims and defenses. The net result will be an increased efficiency in the litigation of this case.

15. Moreover, defendants will not be prejudiced by the extension requested by the plaintiff and an extension will serve the interests of justice. Defendants will have the amount of time specified in the Rules to respond to plaintiff's discovery requests. To date, no depositions have been scheduled and written discovery will be completed well in advance of the summary judgment deadline. Alternatively, plaintiff will be greatly prejudiced if this motion is not granted because he will not have access to information necessary for him to efficiently and effectively litigate his case.

16. The undersigned counsel hereby certifies that he conferred with counsel for defendants pursuant to Loc. R. 7.1(A)(2) in a good faith attempt to resolve this matter. **WHEREFORE**, plaintiff respectfully requests this Court to modify the scheduling order by extending all deadlines by forty-five days.

Respectfully submitted,

The Plaintiff, Robert Butterworth
By his attorneys,

Richard D. Glovsky, BBO #195820
Joseph L. Edwards, Jr. BBO #564288
PRINCE, LOBEL, GLOVSKY & TYE, LLP
585 Commercial Street
Boston, MA  02109
(617) 456-8000

Date:   June 14, 2005